Simona Danesh, Esq. (SBN 304117)
sdanesh@sssfirm.com
SLATER SLATER SCHULMAN, LLP
8383 Wilshire Blvd. Suite 255
Beverly Hills, CA 90211
(310) 3451-2086

Attorney for Plaintiff,
Juan Salas

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SALAS, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| v. | 1. DISCRIMINATION UNDER TITLE VII; |
| PERFORMANCE FOOD GROUPS, INC., BENJAMIN YOO, in his individual capacity, and BRIAN WILEY, in his individual capacity, | 2. RETALIATION UNDER TITLE VII; 3. DISCRIMINATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; |
| Defendants. | 4. RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; 5. HARASSMENT AND AIDING AND ABETTING IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ; 6. CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY; 7. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940(k) |

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary

support after reasonable opportunity for further investigation and discovery. Plaintiff, for his causes of action against these Defendants, alleges as follows:

## **JURISDICTION AND VENUE**

1.     Federal subject matter jurisdiction is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343 and pendent jurisdiction thereto.

2.     Venue is proper under 28 U.S.C. § 1391, inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this U.S. District.

3.     Defendants have significant contact and regularly do business in California, specifically within this federal judicial district such that they are subject to the personal jurisdiction of the Court in this U.S. district.

4.     Accordingly, this action properly lies in the Central District of California pursuant to 28 U.S.C. § 1391.

5.     On or about January 13, 2022, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC").

6.     On or about February 24, 2022, Plaintiff received a Right to Sue Letter from the California Department of Fair Employment and Housing ("DFEH") (the DFEH has since been renamed to the California Civil Rights Department ("CRD")). A copy of said right to sue letter regarding Defendant Performance Food Group, Inc. is attached as hereto as "**Exhibit 1**" and is incorporated herein as if fully set forth.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

7.     On or about August 16, 2022, Plaintiff received a Right to Sue Letter from the EEOC. A copy of said right to sue letter regarding Performance Food Group, Inc. is attached hereto as "**Exhibit 2**" and is incorporated herein as if fully set forth.

## NATURE OF CASE

8.     Plaintiff, by his undersigned counsel, brings this Complaint against Performance Food Groups, Inc., Benjamin Yoo, and Brian Wiley (collectively referred to herein as "Defendants") related to violations under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. ("Title VII") and the laws of the State of California, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking damages to redress the injuries Plaintiff suffered as a result of being discriminated against and harassed by his employer on the basis of his national origin, race, sexual harassment, along with a hostile work environment, retaliation, and constructive discharge.

## PARTIES

9.     Plaintiff is seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by Plaintiff's employer on the basis of Plaintiff's race, national origin, sexual orientation, gender, retaliation; and the hostile work environment this discrimination created.

10.     At all times material, Plaintiff Juan Salas (hereinafter referred to as "Plaintiff" or "Salas") was and is an individual heterosexual male of Mexican national origin residing in the State of California, City of Desert Hot Springs.

3

11.   At all times material, Defendant Performance Food Group, Incorporated (hereinafter "PFG", "Defendant", and "Defendants") was and still is a domestic business corporation organized and existing by virtue of the laws of the State of California with its place of business at 16639 Gale Avenue, City of Industry, California 91745, which held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

12.   Defendant PFG's District Manager Benjamin Yoo (hereinafter "Yoo"," Defendant" and "Defendants") supervised Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

13.   Defendant PFG's District Manager Brian Wiley (hereinafter "Wiley", "Defendant" and "Defendants") supervised Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

14.   Plaintiff is informed and believes, and based thereon, that each Defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants.

15.   Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over Plaintiff. Each Defendant had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and/or conditions of employment, determine Plaintiff's rate of

4

pay, and maintain Plaintiff's employment records. Defendants suffered or permitted Plaintiff to work and/or engaged Plaintiff so as to create a common law employment relationship. As joint employers of Plaintiff, Defendants are jointly and severally liable for all relief available to Plaintiff under the law.

## FACTUAL BACKGROUND

16. At all times material, Plaintiff was and is a heterosexual male resident of the State of California of Mexican national origin.

17. Defendants hired Plaintiff on or around July 9, 2019, as Sales Manager.

18. Defendant PFG's District Manager Defendant Yoo supervised Plaintiff.

19. Defendant PFG's District Managers Defendant Wiley and Brian Carlin supervised Plaintiff daily.

20. Defendants provided Plaintiff with sexual harassment and discrimination training at the time of hire.

21. Defendants provided Plaintiff with an employee handbook at the time of hire.

22. Despite the harassment and discrimination training Plaintiff and Defendants Wiley and Yoo received, Defendants subjected Plaintiff to discrimination based on his Mexican national origin, race, gender and perceived sexual orientation.

23. Defendant Wiley frequently made discriminatory comments to Plaintiff that offended, embarrassed, caused him emotional distress, and made Plaintiff feel uncomfortable and unsafe.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

24.     On a near daily basis, Defendant Wiley called Plaintiff ethnic slurs such as "**wetback**" and "**coconut**."

25.     Each time Defendant Wiley used these slurs, Plaintiff asked Defendant Wiley to stop referring to him with such derogatory terms.

26.     As such, Defendants had knowledge of the discrimination and hostile work environment Plaintiff experienced and the fact that Plaintiff was offended.

27.     Plaintiff never witnessed Defendant Wiley use derogatory slurs towards any of Defendant's Caucasian employees.

28.     Defendant Wiley ignored Plaintiff's complaints and the harassment continued.

29.     Defendant Wiley continued to make comments about Plaintiff's national origin on a daily basis.

30.     Defendant Wiley told Plaintiff that he was "**trash from Mexico**" and that "**the USA picked up some Mexican trash**."

31.     Plaintiff felt degraded and humiliated by these daily comments by his supervisor.

32.     Defendant Wiley regularly called Plaintiff on his cellular telephone before, during, and afterwork and made discriminatory statements during the calls.

33.     Defendant Wiley often made the discriminatory statements in front of Plaintiff's customers.

/ / /

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

34.    Examples of the statements include:

a.    "**You Mexicans don't know how to drive**."

b.    "**You Mexicans have no manners**."

c.    "**You want to look like one of us, but you will always be a Mexican**."

d.    "**You look like a monkey in a suit**."

e.    "**Monkeys don't look good in ties**."

f.    "**You're a coconut with nice shoes**."

g.    "**You're a coconut with a tie**."

35.    The above are just some examples of the derogatory comments Defendant Wiley regularly made to Plaintiff.

36.    Plaintiff felt degraded and humiliated by Defendant Wiley's discriminatory statements.

37.    Despite Plaintiff's consistent complaints, the harassment did not end.

38.    Defendant Yoo made discriminatory comments to Plaintiff on a daily basis.

39.    Defendant Yoo frequently told Plaintiff, "**You Mexicans are so stupid**" and "**stop trying to fit in with us**."

40.    Plaintiff never witnessed Defendant Yoo use derogatory slurs towards any Caucasian coworkers.

41.    The harassment did not stop.

42.    Both Defendant Wiley and Defendant Yoo repeatedly harassed Plaintiff about his perceived sexual orientation.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

43.    Defendants Wiley and Yoo regularly made the following comments to Plaintiff:

    a.   "**Everyone knows you are gay, you need to come out of the closet**."

    b.   "**We know you are gay**."

    c.   "**We know you are sleeping with men in the company**."

44.    Defendant Wiley and Defendant Yoo made the discriminatory comments based upon Plaintiff's appearance, claiming it indicated that he was gay.

45.    Defendants Wiley and Yoo criticized the color of Plaintiff's shirts, ties, and how he presented himself in order to support their perceived sexual orientation comments about Plaintiff.

46.    Defendants Wiley and Yoo stated to Plaintiff that his clothes proved that he is gay.

47.    An example of these comments included, "**lavender is for gay people,**" and "**ties are for gay people**."

48.    Plaintiff stopped wearing bowties, ties, and lavender colored clothing due to Defendants' comments regarding his sexual orientation.

49.    Plaintiff regularly told Defendants to stop harassing him but they never complied.

50.    Defendant Yoo sexually assaulted Plaintiff on multiple occasions.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

51.   In or around December 2019, Defendant Yoo, non-consensually, violently inserted his two middle fingers into Plaintiff's buttocks and then forcibly grabbed Plaintiff's penis.

52.   Immediately Plaintiff demanded that Defendant Yoo stop.

53.   The sexual assault made Plaintiff feel violated and humiliated.

54.   Despite Plaintiff's obvious discomfort, Defendant Yoo continued to harass him.

55.   On or around January 21, 2021, Defendant Yoo, non-consensually, violently inserted his two middle fingers into Plaintiff's buttocks and forcibly grabbed Plaintiff's penis.

56.   This incident occurred in front of one of Plaintiff's customers.

57.   The harassment still did not stop.

58.   Defendant Wiley regularly attempted to intimidate Plaintiff.

59.   From the time of hire in July 2019 until around July 2021, Defendant Wiley would regularly walk to Plaintiff's car in the parking lot twice a day.

60.   When Defendant Wiley would find Plaintiff at his car, Defendant Wiley would tell Plaintiff "I'm going to get you fired," and "I'm going to get you."

61.   Throughout Plaintiff's employment with Defendant, Plaintiff made multiple complaints to Defendant PFG Human Resource Manager Jorge Gomez ("HR Rep. Gomez") about the consistent discriminatory behavior and harassments herein mentioned.

9

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

62.    Plaintiff made the first verbal complaint in or around November 2019, about four months after Defendant hired Plaintiff.

63.    In Plaintiff's first complaint, he verbally shared with HR Rep. Gomez the racial discrimination, national origin discrimination, sexual orientation discrimination, gender discrimination, and inappropriate touching Plaintiff had endured in general and in front of customers.

64.    HR Rep. Gomez told Plaintiff he "would take care of it."

65.    As such, Defendant had knowledge about the racial discrimination, national origin discrimination, discrimination based on perceived sexual orientation, and hostile work environment.

66.    Rather than taking action to end the discrimination and hostile work environment, Defendant retaliated against Plaintiff in November 2019.

67.    Just weeks after Plaintiff's first complaint, Defendant reduced the amount of clients Plaintiff had contact with and relocated Plaintiff to a notoriously difficult district.

68.    The relocation of Plaintiff and the reduction in Plaintiff's clientele resulted in a loss of income.

69.    Defendant, again, failed to remedy the discrimination, hostile work environment, and retaliation Plaintiff experienced.

70.    Despite Plaintiff's complaints, the harassment from Defendant Wiley and Defendant Yoo persisted.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

71.    Plaintiff made a second verbal complaint to Defendant's Manager Carlo Izzo in or around January 2020, shortly after Defendant Yoo first assaulted Plaintiff.

72.    Defendant took no action to address the harassment, assault, and hostile work environment Plaintiff endured and complained of.

73.    The harassment from Defendants Wiley and Yoo persisted.

74.    Defendants Wiley and Yoo continued to make discriminatory comments regularly when they saw Plaintiff. These comments referenced Plaintiff's sexual orientation and national origin such as, "**You were supposed to come out of the closet,"** and "**You stupid Mexican**."

75.    Plaintiff regularly spoke with Defendant's Manager Izzo and complained about the harassment he was experiencing.

76.    As such, Defendant had knowledge about the racial discrimination, national origin discrimination, discrimination based on perceived sexual orientation, and hostile work environment.

77.    After the continuation of harassment and discrimination, in or around March 2020, Plaintiff submitted a third complaint.

78.    Plaintiff submitted an email to HR Rep. Gomez complaining of the harassment and discrimination.

79.    In or around March 2020, HR Rep. Gomez met with Plaintiff to discuss the complaint.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

80.   As such, Defendant had knowledge about the racial discrimination, national origin discrimination, discrimination based on perceived sexual orientation, and hostile work environment.

81.   Despite the meeting with Plaintiff, Defendant failed to take action to end the harassment and discrimination.

82.   As such, the harassment and discrimination from Defendants Yoo and Wiley continued.

83.   Plaintiff continued to complain of the hostile work environment he was experiencing.

84.   Immediately after Defendant Yoo's second assault of Plaintiff in January 2021, Plaintiff made a fourth complaint.

85.   Plaintiff made the fourth complaint verbally to HR Rep. Gomez Plaintiff complained about the sexual assault, harassment, and discrimination he was experiencing at work.

86.   Again, Defendant failed to take any action in response to Plaintiff's complaint.

87.   After Defendant took no action in response to Plaintiff's fourth complaint, Plaintiff submitted a fifth complaint in or around February 2021.

88.   The fifth complaint was in the form of an email to HR Rep. Gomez and it included the substance of Plaintiff's fourth complaint and a request that corrective action be taken.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

89.    Again, Defendant failed to address Plaintiff's complaint. As such, the harassment and discrimination persisted.

90.    Rather than addressing the harassment and discrimination Plaintiff complained of, Defendant retaliated against Plaintiff in response to his complaints.

91.    Defendant's retaliation came in the form of two pretextual warnings to Plaintiff.

92.    In or around June 2021, Defendant issued a verbal warning to Plaintiff as pretext to retaliate against Plaintiff, citing he engaged in a service he should not have.

93.    It was customary practice at Defendant PFG that if Defendant's delivery service lost a client's order, Defendant's sales managers, such as Plaintiff, would purchase the replacement product with their own money and then deliver it to the client.

94.    In or around June 2021, Plaintiff purchased a replacement for a product lost by Defendant's delivery service with his own money and delivered it to the client.

95.    In response to Plaintiff's actions, Defendant Wiley and Defendant's District Managers Carlin and Ray Naples ("Naples") visited Plaintiff's customer and urged the customer to make a false statement that Plaintiff stole money.

96.    The customer refused and called Plaintiff, explaining how Plaintiff's supervisors wanted him to make a false statement.

97.    The customer was perplexed and warned Plaintiff that Defendant company was attempting to fabricate a firable offense.

98.    The harassment did not stop.

13

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

99.   Two weeks later, in or around July 2021, Defendant issued Plaintiff a second warning.

100.  Plaintiff cashed a check twice as per the instruction of Defendant's Secretary of Accounts Receivable Stephanie (Last Name Unknown) ("Stephanie").

101.  Despite Defendant's own instructions, Defendant issued a written warning to Plaintiff, claiming he engaged in malfeasance regarding payments.

102.  Defendant's District Manager Carlin and Defendant's Director of Sales Krutsinger ("Krutsinger") refused to give Plaintiff the chance to explain that he had followed the instructions of Defendant's Secretary of Accounts Receivable Stephanie.

103.  Carlin and Krutsinger told Plaintiff, "It is your word against ours," and forced Plaintiff to sign the warning.

104.  Plaintiff spoke with Defendant's Secretary of Accounts Receivable Stephanie after the meeting and she said neither Carlin nor Krutsinger consulted her regarding the issue.

105.  Defendant's Secretary of Accounts Receivable Stephanie told Plaintiff, "They are trying to get rid of you."

106.  After Plaintiff signed the second warning, Plaintiff made a sixth complaint to Defendant in or around July 2021.

107.  Plaintiff made the sixth complaint verbally to HR Rep. Gomez regarding the two fabricated warnings and his fear of wrongful termination.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

108.  In response to Plaintiff's sixth complaint, HR Rep. Gomez told Plaintiff, "Do not worry about it" and "Do not pay attention to this nonsense."

109.  Defendants continued to subject Plaintiff to discrimination, harassment, and hostile work environment.

110.  Defendant constructively discharged Plaintiff in or around August 29, 2022, in response to his consistent complaints of discrimination, harassment, and hostile work environment.

111.  Plaintiff drafted a letter stating:

**"I have experienced an overwhelming amount of discrimination during my employment at Performance Food Group. The race, national origin, gender, and perceived sexual orientation discrimination I was forced to endure created an extremely hostile work environment. I was the victim of racial slurs from my own managers, Brian Wiley and Ben Yoo. I was also touched without my consent. Manager Yoo grabbed my penis and violently inserted his fingers into my buttocks, on more than one occasion. I complained many times to Human Resources and other employees of the company, but no action was taken to alleviate the discrimination. In fact, when I did complain, the company retaliated against me.  I can no longer work every day and be met with such hostility. It causes me a great amount of anxiety.  Due to the discriminatory actions of your employees and the lack of action to alleviate such discrimination, I have been forced to withdraw my employment."**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

112. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

113. As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer the loss of income salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff suffered losses to his future enjoyment of life, and other non-pecuniary losses.

114. Plaintiff further experienced severe emotional distress.

115. Upon information and belief, the discrimination will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment.

116. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

117. Plaintiff claims a continuous practice of discrimination and a continuing violation and makes all claims herein under the continuing violations doctrine.

118. The above are just some examples of the discrimination to which Defendants subjected Plaintiff.

119. Defendants exhibited a pattern and practice of discrimination and retaliation.

## FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
#### Not against any individual Defendants

120. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

16

121. Title VII states in relevant part as follows: "(a) Employer practices: It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

122. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant.

123. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, sex, and national origin.

124. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing, allowing, and otherwise discriminating against Plaintiff because of Plaintiff's race, color, sex, and national origin, and creating a hostile work environment.

125. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
#### Not against any individual Defendants

126. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

127.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

128.  Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendant, including but not limited to continued discrimination, continued harassment, continued hostile work environment, and constructive discharge.

129.  Defendant violated the above and Plaintiff suffered numerous damages as a result.

### THIRD CAUSE OF ACTION
### FOR DISCRIMINATION IN VIOLATION OF
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
#### Against all Defendants

130.  Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

131.  California Fair Employment and Housing Act (FEHA) protects the right of all persons to seek, obtain, and hold employment without discrimination based on age, sex,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

gender, gender identity, gender expression, and sexual orientation. (See California Government Code sections including but not limited to section 12940 (a)).

132.  Defendants violated FEHA by disparate treatment of Plaintiff based on sex, gender, gender identity, gender expression, and sexual orientation. Plaintiff is a member of these protected classes.

133.  Plaintiff suffered adverse employment actions and a hostile work environment because of discrimination and harassment based on sex, gender, gender identity, gender expression, and sexual orientation, retaliation, failure to prevent discrimination, harassment and hostile work environment, constructive discharge, and was harmed thereby.

134.  Plaintiff is informed and believes that his sex, gender, sexual orientation, gender expression, and gender identity were a substantial motivating reason or factor in the decision to subject Plaintiff to adverse employment actions of a hostile work environment, discrimination, retaliation, failure to prevent discrimination, harassment, and constructive discharge.

135.  Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

136.  As a proximate result of Defendants' conduct, Plaintiff suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to his damage in an amount in excess of $25,000, the actual amount to be proven at trial.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

137. Defendants committed the acts alleged herein maliciously, despicably, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## FOURTH CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### Against all Defendants

138.  Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

139. Defendants violated California Gov. Code §12940, et seq. by retaliating against Plaintiff because he opposed, complained about and protested Defendants' discriminatory conduct.

140. Plaintiff engaged in the protected activities of complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon his gender, sex, sexual orientation, gender identity, and gender expression, as set forth hereinabove.

141. Plaintiff is informed and believes and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent and/or ratification of, or at the direction of, each other Defendant.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

142.  Plaintiff is informed and believes that his complaints and protestations about Defendants' discriminatory and harassing conduct were motivating reasons and/or factors in the decision to refuse to investigate the discrimination and harassment, the failure to prevent the discrimination and harassment, and the subjection of Plaintiff to adverse employment actions including constructive discharge.

143. Plaintiff's complaints to Defendants about discrimination and harassment protected by FEHA, Government Code section 12900, et seq., were motivating factors in Defendants' decision to constructively discharge Plaintiff and/or to take other adverse employment action, including further discrimination and harassment.

144.  Plaintiff complained to Defendants about the discrimination, harassment and hostile work environment he endured and Defendants took no reasonable steps to prevent Plaintiff from encountering Defendant Wiley and Defendant Yoo, and nothing was done to remedy the discrimination Plaintiff endured.  Defendants also constructively discharged Plaintiff from his position.

145.  Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

     a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived sex, gender and/or other protected characteristics, in violation of Government Code section 12940(a);

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

b. Retaliating against Plaintiff for his complaints to Defendants about the harassment and discrimination he experienced by taking adverse employment actions against him, in violation of Government Code section 12940(f);

c. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's sex, gender, and/or other protected characteristics, in violation of Government Code section 12940(j);

d. Retaliation on the basis of actual and/or perceived sex, gender, in violation of Government Code section 12940(k); and

e. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendant's failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

146. Defendants violated FEHA by retaliating against Plaintiff because he attempted to exercise his protected rights, as set forth hereinabove.

147. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, and losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants.

148. The grossly outrageous, reckless, oppressive, intentional, malicious and bad faith manner in which Defendants engaged in those acts as described in this cause of action entitle Plaintiff to an award of punitive damages against Defendants, in an amount within

22

the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

149.  The Plaintiff also requests renumeration for his costs and attorney fees, as allowed by FEHA for the Plaintiff's prosecution of this action in reference to the FEHA code violations described herein.

150.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

## FIFTH CAUSE OF ACTION
### FOR HARASSMENT AND AIDING AND ABETTING
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
#### Against all Defendants

151.  Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

152.   At all times hereto, FEHA was in full force and effect and was binding upon Defendants and each of them.

153.   As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

154.  These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

employee based upon his sex, gender, sexual orientation, gender identity, age, or gender expression, and for aiding and abetting harassment and retaliation.

155. Defendants' harassing conduct was severe and pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile and abusive.

156. Defendants violated FEHA and the public policy of the State of California which is embodied in FEHA by creating a hostile work environment, and by discriminating against and harassing Plaintiff because of his sex, gender, sexual orientation, gender identity, and gender expression, as set forth hereinabove.

## SIXTH CAUSE OF ACTION
### FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
#### Against all Defendants

157. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

158. FEHA protects the right of all persons to seek, obtain, and hold employment without discrimination based on age, gender, sex, sexual orientation, gender identity, and gender expression. (Government Code section 12940(a) et seq.)

159. FEHA embodies fundamental, substantial, and well-established public policies of the State of California. In suspending and terminating Plaintiff and treating him disparately based on his gender, sex, sexual orientation, gender identity, and gender expression, Defendants violated the fundamental, substantial, and well-established public policies embodied in FEHA.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

160.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

161.  As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

162.  In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

163.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## SEVENTH CAUSE OF ACTION

## FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT

## AND RETALIATION IN VIOLATION OF Govt. Code §12490(k)

### Against all Defendants

164.  Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

165.  At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on Defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

166.  During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., his sex, gender, sexual orientation, gender identity, and gender expression).  During the course of Plaintiff's employment, Defendants failed to prevent themselves and their employees from engaging in unjustified employment practices against employees in such protected classes.  During the course of Plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the basis of sex and gender, and/or other protected statuses or protected activities.

167.  Defendants knew or should have known about the sex, gender, gender identity, gender expression, and sexual orientation discrimination, harassment, and retaliation of Plaintiff set forth above.

26

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

168. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

169. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

170. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

171. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

172. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

173. The conduct of Defendants, including their agents and employees, was done with conscious disregard of Plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as defined by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest, declaratory judgment, injunctive relief, and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

Respectfully submitted by,

**SLATER SLATER SCHULMAN, LLP**

Dated:
        November 14, 2022

Simona Danesh, Esq.
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## **JURY DEMAND**

     Plaintiff demands a trial by jury on all causes of action which may be tried by a jury.

Respectfully submitted by,

**SLATER SLATER SCHULMAN, LLP**

Dated:
   November 14, 2022

Simona Danesh, Esq.
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1000 Wilshire Blvd. Suite 2150, Los Angeles, California 90017.

On November 14, 2022, I served the foregoing document(s) described as **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL,** on all interested parties in this action as set forth on the attached service list in the following manner:

☐ **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐ **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up via FEDERAL EXPRESS for delivery to the addressee(s) set forth on the attached service list on the next business day.

☐ **BY PERSONAL SERVICE:** I caused said document(s) to be delivered via personal delivery to the addressee(s) set forth on the attached service list.

☒ **BY ELECTRONIC SERVICE:** Pursuant to the COVID-19 Temporary Emergency Rule #12 issued by the Judicial Council, requiring attorneys to electronically serve and receive notices and documents in all general civil actions that may be served by mail, express mail, overnight delivery, or facsimile transmission. This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ FEDERAL: I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on November 14, 2022 at Los Angeles, California.

_____

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## SERVICE LIST

--, Esq.                         Attorneys for Defendant
address                          PERFORMANCE FOOD GROUP INC.,

                                 Telephone:  --
                                 Facsimile:  --
                                 ----.com

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**